[Cite as *State v. Hunter*, 2022-Ohio-1072.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                         No. 110738

    v.                            :

THEOPHOLIS HUNTER,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 31, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-654001-A, CR-20-654024-A,
CR-20-652003-A and CR-20-652029-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Theopholis Hunter appeals his indefinite sentences after he pled guilty to multiple offenses in four criminal cases.

{¶ 2} On July 8, 2021, Hunter pled guilty to the following charges:

- In CR-20-652003-A, Hunter pled guilty to one count of receiving stolen property in violation of R.C. 2913.51(A) (a fourth-degree felony) and one count of improper handling firearms in a motor vehicle in violation of R.C. 2923.16(B) (a fourth-degree felony), with forfeiture specifications;

- In CR-20-652029-A, Hunter pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(1) (a second-degree felony) with a one-year firearm specification, one count of improper discharge into a habitation in violation of R.C. 2923.161(A)(1) (a second-degree felony) and one count of receiving stolen property in violation of R.C. 2913.51(A) (a fourth-degree felony);

- In CR-20-654001-A, Hunter pled guilty to one count of attempted aggravated robbery in violation of R.C. 2923.02/2911.01(A)(1) (a second-degree felony) with a one-year firearm specification and

- In CR-20-654024-A, Hunter pled guilty to one count of assault in violation of R.C. 2903.13(A) (a fifth-degree felony) and one count of harassment by an inmate in violation of R.C. 2921.38(A) (a fifth-degree felony).

{¶ 3} The trial court imposed a one-year prison sentence on each of the firearm specifications in CR-20-652029-A and CR-20-654001-A to be served consecutively to each other and prior to and consecutively to all other sentences. The trial court imposed an aggregate minimum prison term of two years and a maximum prison term of three years on the underlying offenses as follows. In CR-20-652029-A, the trial court sentenced Hunter to a minimum term of two years and a maximum term of three years on the underlying offense in the felonious assault count, two years on the improper discharge into a habitation count and six months on the receiving stolen property count, to be served concurrently with each other and concurrently with the sentences on all other underlying offenses. In CR-20-

654001-A, the trial court sentenced Hunter to a minimum term of two years and a maximum term of three years on the underlying offense in the attempted aggravated robbery count and six months each on the assault and harassment by inmate counts, to be served concurrently with each other and concurrently with the sentences on all other underlying offenses. The court imposed six-month sentences on each of the counts in CR-20-652003-A and CR-20-654024-A, to be served concurrently with each other and concurrently with the sentences on all other underlying offenses. Hunter appeals his indefinite sentences imposed pursuant to the Reagan Tokes Law, arguing that the indefinite sentences are unconstitutional and violate the right to trial by jury, the separation-of-powers doctrine and due process. He presents the following assignment of error for review:

> As amended by the Reagan Tokes Act, the Revised Code's sentences for first- and second-degree qualifying felonies violates the Constitutions of the United States and the State of Ohio; the trial court plainly erred in imposing a Reagan Tokes indefinite sentence.[1]

{¶ 4} The arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by this court's en banc decision in *State v. Delvallie*, 8th

---

[1] Although Hunter asserts in his assignment of error that the trial court "plainly erred" in imposing indefinite sentences under the Reagan Tokes Law, Hunter did object to the constitutionality of his indefinite sentences below, specifically asserting that "the Reagan Tokes Act, as it amended the Ohio Revised Code sentences for first and second degree qualifying felonies * * * violates the defendant's constitutional right to trial by jury as well as violates the separation of powers and due process in both the federal and state constitution[s]."

Dist. Cuyahoga No. 109315, 2022-Ohio-470.  Accordingly, pursuant to *Delvallie*, we overrule Hunter's assignment of error.

{¶ 5}    Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EMANUELLA D. GROVES, J., CONCUR


N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.